# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY E. CAMPBELL,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>CH-1221-16-0284-W-1<br><br><br>DATE:  December 6, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy A. Bridge, Wellston, Michigan, for the appellant.

Christopher P. McNamee, Hines, Illinois, for the agency.

Michael J. Klein, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Follow the Rules Act (FTRA), Pub. L. No. 115-40, 131 Stat. 861 (2017), does not apply to this case, we AFFIRM the initial decision.

## BACKGROUND

¶2    The parties have stipulated to the following facts. The agency employed the appellant as a GS-9 Program Specialist, pursuant to a 13-month term appointment, not to exceed July 15, 2015. Initial Appeal File (IAF), Tab 53 at 2. She was assigned to the Department of Veterans Affairs (VA) Information Resource Center (VIReC), and her duties included providing administrative and program support to VIReC personnel, timekeeping for VIReC staff, travel coordination, ordering supplies, inventory control, workflow tracking, phone coverage, reception, maintaining the calendar, and office operations. *Id*. Her duties also included serving as a Purchase Card Holder for VIReC, subject to the rules and regulations of the VA Government Purchase Card Program. *Id*. The appellant successfully completed her probationary period and received fully successful performance evaluations for the periods June 16 through September 30, 2014, and

October 1, 2014, through September 30, 2015, and she was not subject to any disciplinary action during her employment at VIReC. *Id.*

¶3    At issue in this appeal is the appellant's claim that she was terminated from her position in retaliation for alleged whistleblowing disclosures and activity. IAF, Tab 1. Specifically, on June 22, 2015, her supervisor, D.H., emailed the appellant and asked her, in her role as Purchase Card Holder for VIReC, to use the purchase card to buy various promotional items for a national conference scheduled in Philadelphia, Pennsylvania on July 10, 2015.[2] IAF, Tab 6 at 37-44. The appellant responded in an email to D.H. advising her that the VA Government Purchase Card Program prohibited a purchase card being used for the procurement of "promotional items in conjunction with a conference, such as mementos, gifts, keepsakes, prize items, and other VA 'logo' or 'message' items for distribution to VA and other [F]ederal employees." IAF, Tab 4. The appellant further advised D.H. to "speak with the budget office" if she still wanted to order the promotional items, as it may have funding that allowed for the purchase. *Id.* Within 2 hours, D.H. emailed the appellant asking her to obtain the price of the items so that D.H. could purchase them with her personal charge card. *Id.* After an email discussion regarding the items, the appellant advised D.H. that, "[s]ince you will be using your credit card, once you decide what you want you can enter your credit card information and order at the same time." *Id.* D.H. notified the appellant on June 25, 2015, that she had confirmed that she was permitted to purchase and donate the items to VIReC and she requested help from the appellant in finalizing the order. IAF, Tab 6 at 37-44. On June 25, 2015, after D.H.'s return to VIReC, she met with the appellant and the Office Administrator and allegedly discussed the purchase issue. IAF, Tab 4 at 46. The following day, the appellant contacted the VA's Office of Resolution Management (ORM) to file an equal employment opportunity (EEO) complaint against D.H., alleging discrimination, retaliation, and the creation of a hostile

---

[2] D.H. was in Utah, and not at the VIReC, when she emailed the appellant.

work environment. IAF, Tab 56, Hearing Compact Disc 1 (HCD 1) (testimony of the appellant). The appellant placed the order on June 29, 2015, the vendor contacted D.H. directly with a price quote, and D.H. purchased the items with her personal charge card. *Id.* On July 27, 2015, the appellant advised the Associate Chief of Staff, S.J., that D.H. retaliated against her for refusing to violate purchase card restrictions and threatened to fire her for raising her claims of a hostile work environment before ORM. *Id.* S.J. resigned from his position as Associate Chief of Staff on August 2, 2015. IAF, Tab 57, Hearing Compact Disc 2 (HCD 2) (testimony of S.J.).

¶4 On September 15, 2015, after D.H. notified the appellant that she would extend her term appointment from November 2015 to March 2016, but would probably not extend it again after that, the appellant filed a Complaint of Possible Prohibited Personnel Practice with the Office of Special Counsel (OSC). IAF, Tab 1. The appellant's "whistleblower disclosure" to OSC alleged the following:

> On 6/25/15 [D.H.], Director, VA Information Resource Center, Hines, VA, instructed me to use her VA purchase card to obtain various promotional items in direct violation of [VA Government Purchase Card Program] regulations . . . . After refusing this directive, I have been subject to harassment, a hostile work environment, removal of job responsibilities, and notice of termination of my term employment status effective March, 2016. I reported to [sic] [D.H.['s]] unlawful directive to Dr. [S.J.], Chief of Staff, on 7/27/15.

IAF, Tab 1, Exhibit (Ex.) E. The appellant's complaint also alleged that her disclosure of information evidenced a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority. *Id.* In addition, she alleged that, following her report to S.J., the agency failed to investigate her complaint and failed to take remedial measures to stop D.H.'s allegedly "retaliatory and harassing conduct." IAF, Tab 1.

¶5 On September 24, 2015, the appellant filed a formal complaint of discrimination with the agency. IAF, Tab 1, Ex. C. By letter dated January 21,

2016, D.H. notified the appellant that her appointment would be terminated effective March 31, 2016. IAF, Tab 1, Ex. D. On January 29, 2016, OSC notified the appellant that it was closing its file in the matter and that she had a right to seek corrective action with the Board. IAF, Tab 1, Ex. F. The appellant then filed this Board appeal. IAF, Tab 1.

¶6    Because there was a question on jurisdiction, the administrative judge issued an order that directed the parties to submit evidence and argument showing that the Board had jurisdiction over this appeal. IAF, Tab 3. The parties provided several submissions in response to the order and participated in status conferences. IAF, Tabs 4, 6, 9, 16. As a result of the parties requesting a jurisdictional determination, the administrative judge issued a detailed Order on Jurisdiction. IAF, Tab 20. She found that the appellant had exhausted her administrative remedies concerning three alleged disclosures or activities and the following personnel actions: failing to extend her term appointment; removing her job responsibilities; requesting additional documentation; and subjecting her to a hostile work environment. *Id.* at 7-8. As to the appellant's first alleged protected disclosure or activity, her communications with D.H., the administrative judge found that, under 5 U.S.C. § 2302(b)(8), the appellant did not disclose to D.H. a violation of a law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* Instead, the administrative judge found that the appellant advised D.H. of what the regulations stated and then D.H. purchased the items with her own funds. *Id*. at 8-9. The administrative judge found that identifying that a requested action would be a potential violation is not the same thing as disclosing that one of these violations actually occurred. *Id.*

¶7    Concerning the appellant's claim that her disclosure to D.H. was protected activity under section 2302(b)(9), the administrative judge found that the appellant's argument was precluded by the U.S. Court of Appeals for the Federal Circuit's decision in *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359,

1361-62 (Fed. Cir. 2016), which held that the protection granted in section 2302(b)(9) is limited to orders that are contrary to a statute and does not encompass orders that are contrary to an agency's rules or regulations. IAF, Tab 20 at 9. Thus, the administrative judge found that the appellant's activity was not protected under section 2302(b)(9)(D). *Id*. at 10.

¶8 Regarding the appellant's second alleged protected disclosure or activity, the EEO complaint she filed against D.H. with ORM on June 26, 2015, the administrative judge found that the underlying allegations in the appellant's complaint focused on claims of race and age discrimination, and that section 2302(b)(9) does not establish jurisdiction over her claim in an IRA appeal. *Id.* at 11.

¶9 Finally, regarding the appellant's third alleged protected disclosure or activity, her communications with S.J., the administrative judge found that the appellant made a nonfrivolous allegation that her disclosure to S.J. was protected because a disinterested observer could reasonably conclude that, when the appellant disclosed D.H.'s conduct to S.J., the appellant believed that D.H.'s alleged conduct constituted an abuse of authority. *Id*. at 14-15. The administrative judge also found that the appellant nonfrivolously alleged that her disclosure was a contributing factor in the agency's decision not to extend her term appointment. *Id*. The administrative judge thus found that the appellant established that the Board has jurisdiction over her IRA appeal and that she was entitled to a hearing on the merits. *Id*. at 16. However, she advised the parties that she reserved the right to revisit the jurisdictional issue later, based on further development of the record. *Id*. Although the appellant objected to these rulings, the administrative judge issued an order overruling the appellant's objections to her jurisdictional order.[3] IAF, Tabs 21-22.

---

[3] The administrative judge also denied the appellant's motion for certification of an interlocutory appeal challenging the administrative judge's rulings in the Order on Jurisdiction and the "Order Overruling Appellant's Objections to Order on Jurisdiction." IAF, Tabs 26-27.

¶10    The administrative judge held a 2-day hearing and thereafter issued an initial decision denying the appellant's request for corrective action.  IAF, Tab 59, Initial Decision (ID).  After considering the appellant's supplemental evidence and argument, the administrative judge affirmed her prior rulings regarding the first and second alleged protected disclosures and activity, concluding that the appellant presented no evidence to show that either was protected.  ID at 14-21.  Regarding the appellant's third alleged protected disclosure or activity, the administrative judge found that, although the appellant nonfrivolously alleged that she made a protected disclosure of an abuse of authority to S.J. in July 2015, she failed to prove it by preponderant evidence.  ID at 21-24.  The administrative judge thereafter found that, even if she were to conclude that the appellant had met her burden as to the July 2015 disclosure to S.J., there is no evidence that the disclosure was a contributing factor in any of the alleged personnel actions at issue.  ID at 24-26.  Concluding, the administrative judge found that, because the appellant had not shown by preponderant evidence that she made one or more whistleblowing disclosures that were a contributing factor in the personnel actions at issue in this appeal, she could not prevail on her whistleblower claim.  Consequently, the administrative judge did not reach the issue of whether the agency could show by clear and convincing evidence it would have taken the personnel actions absent the appellant's whistleblowing.  ID at 27.

¶11    The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response to the appellant's petition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶12    Under the Whistleblower Protection Act of 1989, as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA), in reviewing the merits of an IRA appeal in which the appellant alleges retaliation for protected

disclosures or activity, the Board first considers whether the appellant has established by a preponderance of the evidence that she made protected disclosures under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), that were a contributing factor in an agency's personnel actions. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). When the appellant is able to offer such proof, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel actions in the absence of the disclosure or activity. *Id.*; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012).

<u>The administrative judge properly found that the appellant's first alleged disclosure or activity was not protected.</u>

¶13    On review, the appellant argues that the administrative judge erred in finding that her disclosure to D.H. did not constitute a protected disclosure under section 2302(b)(8). PFR File, Tab 3 at 7-9. In this regard, the appellant reasserts that the administrative judge erroneously excluded this disclosure because of the fact that she made it to her immediate supervisor and that the language in section 2302(b)(8) specifically recognizes disclosures made to immediate supervisors during the normal course of duties. *Id*. at 8-9.

¶14    However, the administrative judge addressed this argument in the initial decision and found that it was a misstatement of her analysis.[4] ID at 16. We agree. Specifically, the administrative judge explicitly stated that she was not excluding the appellant's statement simply because it was made to D.H., her supervisor. Rather, the administrative judge found that the appellant's alleged disclosure was not a disclosure because she merely advised D.H. of what the regulations stated, and not of a violation of the regulations. Thus, the administrative judge found that no disclosure of a violation of a law, rule, or

---

[4] The administrative judge also addressed this argument in the "Order Overruling Appellant's Objections to Order on Jurisdiction." IAF, Tab 22.

regulation, nor a disclosure of a potential violation, actually occurred. ID at 14-15.

¶15      Additionally, the appellant contends that, under the analysis in *Reid v. Merit Systems Protection Board*, 508 F.3d 674 (Fed. Cir. 2007), her disclosure to D.H. was protected, whether or not the unauthorized purchase actually occurred, and that the administrative judge erred in finding that an actual violation had to have occurred before it was deemed a protected disclosure under section 2302(b)(8). PFR File Tab 3 at 9-12. The appellant asserts that she had every reason to believe that D.H.'s "directive was both 'real and imminent' and that she [would be] potentially subjected to disciplinary action in the event she followed her directives." *Id.* at 9. Thus, the appellant argues that her disclosure satisfied section 2302(b)(8) because she disclosed a potential violation in which she had a reasonable belief that potential wrongdoing was real and imminent. *Id.* at 11.

¶16      However, as the administrative judge correctly found, the overwhelming record evidence, including the hearing testimony, reflects that, once the appellant told D.H. that VA regulations prohibit the purchase of promotional items using the Government purchase card, D.H.'s almost immediate response was to state that she would purchase the items on her own personal credit card. ID at 14-16; IAF, Tab 7, Ex. 3 at 25-31; HCD 1; HCD 2. Further, while the appellant contends that she disclosed an "imminent" potential violation of a law, to the extent that she may be implying that this violation also might have involved a substantial or specific danger to the public, we would disagree. The appellant's disclosure merely involved the purchase of mementos for a conference and thus there was no imminent, much less a substantial or specific, danger to anyone. *Cf. Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶¶ 15, 19 (2009) (finding that the appellant had a reasonable belief that his disclosures would pose a substantial and specific danger to public safety and an imminent threat when his disclosures involved proposed changes to airport screening of bags and passenger check points). Moreover, discussions between employees and supervisors

regarding various courses of action are normal, and such communications can actually help avoid potential violations of the law. *See Reid*, 508 F.3d at 678. Therefore, we find no support for the appellant's claim that potential wrongdoing was imminent.

¶17    To the extent the appellant asserts for the first time on review that she previously had been informed that using the Government purchase card for promotional items had become a "past practice" under D.H.'s tenure as VIReC Director, the appellant has made no showing as to why this claim was not raised below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶18    The appellant also challenges the administrative judge's credibility determinations regarding the finding that her June 2015 refusal to follow the directive to purchase promotional items was not a protected disclosure. PFR File, Tab 3 at 13. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). We have reviewed the record evidence and we discern no basis upon which to disturb the administrative judge's well-explained credibility determinations in this regard. ID at 14-18.

¶19    When the appellant filed this appeal, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take an action against an employee for "refusing to obey an order that would require the individual to violate a law." Here, the appellant asserts that she engaged in protected activity when she refused to obey a directive that would have required her to violate an agency regulation prohibiting the purchase of promotional items with Government charge cards. PFR File,

Tab 3 at 16-17. As the administrative judge properly explained, our reviewing court held in *Rainey* that the protection in section 2309(b)(9)(D) extended only to orders that would require the individual to take an action barred by statute. *Rainey*, 824 F.3d 1359, 1361-62, 1364-65. Thus, under the law in effect at the time this appeal was filed, the appellant's claim—that she refused to follow a directive that would have required her to violate an agency regulation—fell outside the scope of section 2302(b)(9)(D). *Id*.

¶20 On June 14, 2017, while this petition for review was pending before the Board, the President signed into law the FTRA, which amended section 2302(b)(9)(D) by inserting after the word "law" the words "rule or regulation." 131 Stat. at 861. Therefore, if the FTRA were to apply to pending cases, the appellant's claim that she disobeyed an order that would have required her to violate an agency regulation would have fallen within the scope of section 2302(b)(9)(D). The Board analyzed the retroactivity of the FTRA in *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶¶ 13-19, and found, applying the test set forth by the U.S. Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), that the FTRA did not apply to cases filed before its enactment. Accordingly, we find that the appellant's claim that the agency retaliated against her for refusing to obey a directive that would have required her to violate an agency regulation is outside the scope of section 2302(b)(9)(D) and that, therefore, she failed to establish that she engaged in protected activity under that section.

The administrative judge properly found that the appellant's second alleged disclosure or activity was not protected.

¶21 Reprisal for exercising a grievance or complaint right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9). Specifically, section 2302(b)(9) prohibits the taking or failing to take, or threatening to take or fail to take, "any personnel action against any employee or applicant for employment because of— (A) the exercise of any appeal, complaint, or grievance right granted by any law,

rule, or regulation—(i) with regard to remedying a violation of paragraph [(b)](8); or (ii) other than with regard to remedying a violation of paragraph [(b)](8)." *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014). However, the WPEA did not extend the Board's jurisdiction to include retaliation for an appellant's filing of an EEO complaint that did not seek to remedy a violation of (b)(8). *See Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (explaining that the Board lacks jurisdiction in an IRA appeal over claims of reprisal for EEO activity protected under section 2302(b)(9)(A)(ii)); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Therefore, insofar as the appellant alleged that the agency took personnel actions in reprisal for her having filed an EEO complaint with ORM, the administrative judge correctly determined that the Board lacks jurisdiction to consider such allegations in the context of this IRA appeal. *Mudd*, 120 M.S.P.R. 365, ¶ 7.

¶22    The appellant argues on review that the administrative judge misconstrued the type of retaliation protected under section 2302(b)(9)(A)(i) and erred in finding that she only asserted claims of race and age discrimination in her EEO complaint. PFR File, Tab 3 at 15. Specifically, the appellant contends that her EEO complaint was not limited to discrimination based on age and race and that she also alleged that she was subjected to a hostile work environment based upon "reprisal" for objecting to a violation of law, rule, or regulation. *Id*.

¶23    However, the record reflects that the appellant did not specifically state in her ORM complaint that her claim was based upon reprisal for objecting to a violation of a law, rule, or regulation. IAF, Tab 1, Ex. C. Although her complaint identifies the bases as race, age, and "reprisal (oppositional)," her specific claims involve being shouted at by her supervisor, referred to as having "act[ed] ghetto," and being "isolated from her co-workers." *Id*. Therefore, the administrative judge properly found that the appellant's allegations of EEO reprisal failed to establish the Board's jurisdiction over this alleged disclosure.

*See, e.g.*, *Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 7 (2007) (finding that the test of the sufficiency of an appellant's charges of whistleblowing to OSC is the statement that she makes in the complaint requesting corrective action, not her post hoc characterization of those statements before the Board).

<u>The administrative judge properly found that the appellant's third alleged disclosure or activity was not protected.</u>

¶24      At the outset, we note that the appellant has not challenged the administrative judge's determinations that she did not make a protected disclosure to S.J. We have reviewed the administrative judge's findings and discern no error in this regard. Therefore, we affirm the administrative judge's finding that the appellant failed to show that her disclosure to S.J. was protected. ID at 21-24.

¶25      On review, it appears that the appellant may be arguing that the personnel actions at issue in this appeal were proximate in time to her disclosure to S.J. and that, thus, she established that her disclosure to S.J. was a contributing factor in these personnel actions. PFR File, Tab 1 at 16-17. The appellant also appears to argue that the administrative judge failed to address each of the alleged personnel actions at issue. *Id.* However, because we find that the appellant did not show that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), we need not address either whether she showed that the personnel actions at issue constituted personnel actions under 5 U.S.C. § 2302(a)(2)(A) or whether she showed that her disclosures or activity were a contributing factor in those personnel actions. *See, e.g.*, *Corthell*, 123 M.S.P.R. 417, ¶ 8.

¶26      Similarly, it appears that the appellant may be arguing that the administrative judge erred by failing to make a clear and convincing analysis. PFR File, Tab 3 at 19-20. However, because the appellant failed to establish a prima facie case of reprisal for whistleblowing, the burden did not shift to the agency to prove by clear and convincing evidence that it would have taken the

same personnel actions absent her whistleblowing. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 26 (2016). Therefore, we discern no error by the administrative judge in not providing a clear and convincing analysis.

<u>The appellant did not argue below that she was perceived as a whistleblower.</u>

¶27    Finally, the appellant argues on review that the administrative judge failed to address whether she was "perceived" as a whistleblower by the responsible management officials. PFR File, Tab 3 at 17-19. However, the appellant failed to raise this argument below, even after the administrative judge explicitly advised her how to raise such a claim. IAF, Tab 3 at 5, Tab 4, Tab 12 at 4. Because the appellant has not shown that her argument is based on new and material evidence that she was unable to provide below despite her due diligence, we have not considered it for the first time on review. *Banks*, 4 M.S.P.R. at 271.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

Jennifer Everling

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.