UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DOUGLAS T. COOKSEY,
        Appellant,

     v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
CH-1221-22-0067-W-1

DATE: April 16, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Douglas T. Cooksey</u>, Taylorsville, Kentucky, pro se.

<u>Danielle Huckleberry</u>, Crane, Indiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this matter to the Central Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[2] that he exhausted his administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020) (holding that "when evaluating the Board's jurisdiction over a whistleblower action, the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the [appellant] alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face"). Generally, the Board will consider an allegation nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). Any doubt or ambiguity as to whether the appellant made nonfrivolous allegations of IRA jurisdiction should be resolved in favor of affording the appellant a hearing. *Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004).

In the initial decision, the administrative judge concluded that the appellant failed to make a nonfrivolous allegation that he had made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); accordingly, she dismissed the

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

matter for lack of jurisdiction.  Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 10-21.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.  In his petition and reply, the appellant argues the following:  (1) the administrative judge erred in adjudicating his motions; (2) the administrative judge erred with regards to the parties' status conference; (3) he made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8); and (4) he made a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(D).[3]  PFR File, Tab 1 at 4-32, Tab 4 at 4-15.

The appellant's assertions regarding his motions do not warrant a different outcome.

The appellant contends that the administrative judge erred in adjudicating four motions that he filed, all of which related, in some capacity, to the agency representative untimely filing the agency's "Designation of Representative" form and failing to provide her complete contact information on the form.  PFR File, Tab 1 at 5-7; IAF, Tabs 8-12.[4]  The appellant contends that, because of these errors, the administrative judge should have, among other things, rejected the

---

[3] We have considered the additional arguments raised by the appellant on review, including his claim that the agency should have advised him of his right to file a complaint with OSC, PFR File, Tab 1 at 31; however, we find that none of these arguments compel a different outcome.

[4] The appellant also asserts that the agency representative falsely claimed in a filing that the appellant already had her contact information because she had been the agency representative for prior complaints that he had filed.  PFR File, Tab 1 at 7, Tab 4 at 11; IAF, Tab 15 at 5.  The appellant avers that he has not filed any prior complaints and seemingly argues that agency counsel's false perception that he has done so establishes Board jurisdiction over this matter.  PFR File, Tab 1 at 7.  We disagree.  To the extent the appellant also argues that the agency's insinuation that he has filed prior complaints either rendered the administrative judge biased against him or that there was otherwise improper contact between the administrative judge and the agency, *id.* at 7-10, we find his arguments both unsubstantiated and unavailing, *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 19 (2013) (finding that broad and general allegations of bias are insufficient to overcome the presumption of honesty and integrity).

agency's pleadings and ruled in his favor. *E.g.*, PFR File, Tab 1 at 8, 12-15. We disagree.

Following a telephonic status conference, the administrative judge issued an order that addressed the appellant's contention that the agency had failed to properly designate a representative. IAF, Tab 19 at 2-4. The administrative judge explained that, although the agency erred by failing to include the representative's contact information, the error was correctible; accordingly, she provided agency counsel's contact information in her order and denied the appellant's four motions stemming from the agency's oversight. *Id.* at 2-4 & n.1. We discern no basis to disturb her rulings. *See Key v. General Services Administration*, 60 M.S.P.R. 66, 68 (1993) (stating that an administrative judge has broad discretion in controlling the proceedings before her). Moreover, the Board cannot, as the appellant seemingly requests, find jurisdiction over his allegations as a remedy for the agency's errors. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (explaining that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). In any event, the appellant fails to show that any of the agency's alleged errors or omissions precluded him from making nonfrivolous allegations relevant to the jurisdictional issue.[5] *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding that, when an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's

---

[5] The appellant relatedly argues that the administrative judge failed to rule on two other filings that he submitted. PFR File, Tab 1 at 13, 30; IAF, Tabs 20-21. In these filings, the appellant (1) objected to the administrative judge's denial of his motions and (2) requested that the administrative judge order the agency to comply with 5 C.F.R. § 1201.25, a Board regulation that pertains to the contents of an agency's response. IAF, Tabs 20-21. We find the appellant's arguments regarding these filings unavailing, and we deny the latter request. Indeed, the appellant fails to show that any of the administrative judge's purported errors that he identifies on review precluded him from making nonfrivolous allegations relevant to the jurisdictional issue. PFR File, Tabs 1, 4; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124 (1981) (explaining that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction). Thus, his assertions are unavailing.

<u>The appellant's assertions regarding the parties' status conference do not warrant a different outcome.</u>

The appellant identifies a series of purported errors related to the parties' telephonic status conference; however, we find that none of these alleged errors warrant a different outcome. PFR File, Tab 1 at 8-9. For example, the appellant argues that the administrative judge stated in her order memorializing the parties' conference that she would schedule a follow-up conference; however, she never did. *Id.* at 9. The appellant asserts that, as a result of this statement, he believed that he would have another opportunity to "discuss the record with the [administrative judge and the agency], to ensure that the material facts of the case [were] being correctly interpreted." *Id.*

The administrative judge stated as follows in the subject order: "After February 7, 2022 I will issue an order detailing what, if any, claims the Board has jurisdiction over and I will schedule our next status conference to discuss the case process moving forward including discovery and prehearing and hearing deadlines." IAF, Tab 19 at 2. Although the administrative judge referenced a subsequent status conference, the language of her order indicated that the subject of any such conference would be discovery and deadlines, i.e., she did not indicate that it would be an opportunity for the appellant to clarify his jurisdictional allegations. *Id.* Thus, we find unavailing the appellant's assertion that the administrative judge either misled him or improperly denied him an opportunity to present his case. *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (explaining that an appellant in an IRA appeal is entitled to a hearing on the merits if, after exhausting his remedy with OSC, he makes nonfrivolous allegations that he engaged in protected activity that was a contributing factor in a personnel action); *see also Oscar v. Department of*

*Agriculture*, 103 M.S.P.R. 591, ¶ 7 (2006) (explaining that an appellant is not entitled to a hearing on the threshold issue of jurisdiction because the Board has jurisdiction over such an appeal only if the appellant makes the requisite nonfrivolous allegations, and whether allegations are nonfrivolous is determined on the written record).

<u>The appellant's assertions that he made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) are unavailing.</u>

*The appellant's assertions regarding his second alleged protected disclosure are unpersuasive.[6]*

The appellant challenges the administrative judge's conclusion that he failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) via what he categorized as "Disclosure #2." PFR File, Tab 1 at 20-25; IAF, Tab 4 at 18. Regarding this disclosure, the appellant alleged before the administrative judge that, in a January 8, 2019 request for reconsideration of an incentive pay decision, he disclosed issues regarding reasonable accommodation, a hostile work environment, and a systemic policy of discrimination towards employees with disabilities. IAF, Tab 4 at 18, Tab 5 at 14-15. We agree with the administrative judge's conclusion that these disclosures do not fall under 5 U.S.C. § 2302(b)(8); indeed, the Board's IRA jurisdiction does not extend to claims of reprisal for opposing practices made unlawful by the Rehabilitation Act. ID at 17-18; *see McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 19-22.

On review, the appellant describes his second disclosure differently; indeed, he alleges that this disclosure also pertained to his supervisor's failure to consider a large portion of his job duties when evaluating his fiscal year 2018 performance. PFR File, Tab 1 at 20-22; IAF, Tab 4 at 18. In so alleging, the appellant draws the Board's attention to a particular document in the record and

---

[6] The appellant does not discernably challenge the administrative judge's conclusions regarding what he identified as his first disclosure, and we discern no basis to disturb them. IAF, Tab 4 at 5; ID at 4-5, 10-14.

avers that he disclosed his supervisor's failure to consider his "total job performance" for the relevant rating period in this document. PFR File, Tab 1 at 20-21 (citing IAF, Tab 5 at 14). Even assuming that this recharacterized disclosure does not similarly fall under the purview of the Rehabilitation Act and therefore outside of the Board's IRA jurisdiction, we find that the appellant's assertions do not constitute a nonfrivolous allegation of a protected disclosure.[7]

A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an appellant had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 5.

The appellant's allegations on review, which recharacterize the subject disclosure, do not warrant a different outcome. PFR File, Tab 1 at 20-25; IAF, Tab 4 at 18; *see Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (indicating that an appellant is required to articulate claims with reasonable clarity and that the Board is not obligated to pore through a voluminous record to make sense of various allegations); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). In any event, even if the appellant had timely raised these allegations with the administrative judge, we find that they do not amount to a nonfrivolous allegation of a protected disclosure

---

[7] Indeed, the appellant seemingly alleges that the agency purposefully altered his job functions due to disability discrimination and retaliation for requesting a reasonable accommodation. PFR File, Tab 1 at 22-24; *see McCray*, 2023 MSPB 10, ¶ 22.

under 5 U.S.C. § 2302(b)(8).  To this end, although the appellant contends that he disclosed a violation of an Office of Personnel Management regulation pertaining to performance ratings, i.e., 5 C.F.R. § 430.208, the document that he references evinces that he merely stated that, according to an agency manager, consideration had not been "given to [his] accomplishments . . . for approximately 8 months of the rating period."[8]  IAF, Tab 5 at 14.  We find that this statement does not amount to a nonfrivolous allegation of a violation of law, rule, or regulation, or any of the other categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *See Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 13 (2005) (finding that the appellant's conveyance of his disagreement with the agency's decision not to rehire him did not amount to a protected disclosure).

> *The appellant's assertions regarding his third alleged disclosure are unavailing.*

The appellant challenges the administrative judge's conclusion that he failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) via what he categorized as "Disclosure #3."  PFR File, Tab 1 at 25-27.  In this regard, he asserts that he disclosed that he was "not in a paid work status" while performing official work tasks, i.e., working on an equal employment opportunity (EEO) matter.  *Id.*  Again, even assuming that this disclosure does not fall under the purview of the Rehabilitation Act and therefore outside of the Board's IRA jurisdiction, *see McCray*, 2023 MSPB 10, ¶ 22, we nonetheless find that the appellant's assertions do not constitute a nonfrivolous allegation of a protected disclosure.  To this end, the appellant averred before the administrative judge that he made the subject disclosure in a January 4, 2019

---

[8] We are mindful of the Federal Circuit's decision in *Hessami*, wherein the court explained that our jurisdictional determination in an IRA appeal "must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami*, 979 F.3d at 1369.  However, we need not consider an appellant's allegations "in a vacuum."  *Id.* at 1369 n.5.  Therefore, we find it appropriate to look beyond the appellant's characterization of his disclosure on review to consider the document itself, which shows that the disclosure was not exactly as the appellant has described.

email. IAF, Tab 4 at 9, 43-47. In this email, the appellant stated as follows: "[w]ith the exception of three days for mandatory training last week and today, I have been forced to take leave since 11 Dec 2018, even though I have continued to support my [reasonable accommodation] request in good faith and expeditiously, as required." *Id.* at 46. He later asserted as follows in the same email: "I have requested a NWA[9] charge # to cover the required vast amounts of time that I have spent while on leave, but one has not been provided." *Id.* We discern no basis to disturb the administrative judge's conclusion that these vague statements pertained to, at most, an outstanding administrative billing issue, i.e., not a violation of law, rule, or regulation, or any of the other categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). ID at 16; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 8 (2015) (finding that an employee's disclosures pertaining to delays in reimbursing his travel expenses only vaguely alleged wrongdoing and thus failed to nonfrivolously allege a violation of law, rule, or regulation), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Thus, the appellant's assertions in this regard do not provide a basis to disturb the initial decision.

> *The appellant's allegations regarding his fourth disclosure do not warrant a different outcome.*

The appellant challenges the administrative judge's conclusion regarding what he categorized as his fourth disclosure. PFR File, Tab 1 at 27-30; ID at 18-19 & n.4. This disclosure related to statements made by the appellant's former attorney in a May 24, 2019 letter addressed to an agency commanding officer. PFR File, Tab 1 at 27-30; IAF, Tab 4 at 22, Tab 5 at 21-24. The appellant asserts that this letter disclosed the following: (1) the agency was wasting public funds; (2) the agency had committed a Privacy Act violation; and (3) his supervisor had falsified a Government document. PFR File, Tab 1 at 28-29. For the reasons discussed below, we find that the appellant's assertions

---

[9] The appellant's filings suggested that, in this context, "NWA" referred to a labor/billing code that the appellant needed to account for work time spent on EEO-related matters. IAF, Tab 5 at 5-8.

regarding his fourth disclosure do not constitute a nonfrivolous allegation of a protected disclosure.

Regarding the agency's purported wasting of public funds, the appellant directs the Board's attention to the fact that, in the May 24, 2019 letter, his attorney stated that he had requested certain records from the agency because the "records [were] required to establish that [the] Command ha[d] fostered an environment of liberal reporting and improper use of labor funding."[10] PFR File, Tab 1 at 28; IAF, Tab 5 at 23. We find that this vague statement does not amount to a protected disclosure under 5 U.S.C. § 2302(b)(8). *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 7-9 (2016) (concluding that the appellant failed to make a nonfrivolous allegation that he reasonably believed he had disclosed a violation of law when he made vague allegations of wrongdoing and referenced broad statutory provisions). Indeed, although the appellant has explained to the Board why he believes that the agency was wasting funds and improperly using labor charge codes, he did not discernably identify any disclosures concerning these alleged improprieties apart from his attorney's statement regarding the need for agency records in order to "establish" that funding improprieties were occurring at the appellant's employing agency. IAF, Tab 4 at 26-27, Tab 5 at 23; *see Doster v. Department of the Army*, 56 M.S.P.R. 251, 253-54 (1993) (concluding that the Board lacked jurisdiction when the appellant's filings contained a litany of allegations of agency improprieties but failed to discernably allege any protected disclosures regarding the same).

Regarding his alleged protected disclosure concerning the Privacy Act, the appellant seemingly argues that, although his attorney referenced a "HIPPA [sic] violation" in the May 24, 2019 letter, his attorney intended to refer to a Privacy Act violation and, therefore, made a protected disclosure related thereto. PFR File, Tab 1 at 29-30. He also reasserts that agency personnel improperly accessed

---

[10] The letter referenced an email wherein an agency employee requested that agency personnel use a particular time code so that unused money would not have to be returned "to the program office." IAF, Tab 5 at 9, 23.

and discussed his medical information, ostensibly in violation of the Privacy Act. *Id.*; IAF, Tab 4 at 25. We find the appellant's assertions unavailing; indeed, the sole disclosure that he discernably identifies regarding the agency's purported mishandling of his information is the May 24, 2019 letter wherein his attorney referred to unspecified, "very serious allegations pertaining to violations of" the Health Insurance Portability and Accountability Act of 1996. IAF, Tab 5 at 21; *see El*, 123 M.S.P.R. 76, ¶ 6 (explaining that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction); *Doster*, 56 M.S.P.R. at 253-54. Thus, the appellant's assertions do not warrant a different outcome.

Lastly, the appellant draws the Board's attention to the fact that his former attorney stated as follows in the May 24, 2019 letter: "[I]t appears that [the appellant's supervisor] has misrepresented herself by digitally signing Ref (E) on May 1, 2019 at 16:28:30, certifying she had met with [the appellant] to discuss the document."[11] PFR File, Tab 1 at 27-28; IAF, Tab 5 at 23. The appellant contends that, through this statement, he disclosed that the agency had falsified a document. PFR File, Tab 1 at 28. We find these contentions unavailing; indeed, the appellant presents this allegation differently on review. To this end, he did not discernably allege before the administrative judge that the agency had retaliated against him as a result of a protected disclosure concerning this document; rather, as discussed herein, he alleged that the agency had retaliated against him because he had engaged in protected activity by refusing to sign this document upon his supervisor's request.[12] IAF, Tab 4 at 4, 22, 28; *see Keefer*,

---

[11] The appellant submitted into the record a copy of "Ref (E)," i.e., a document setting forth his performance standards for the period of October 28, 2018, to September 30, 2019. IAF, Tab 4 at 50-51.

[12] Regarding his fourth disclosure, the appellant provided a general list of several issues that he believed that his attorney had disclosed on his behalf in the letter. IAF, Tab 4 at 22. Although the appellant listed "falsifying records," he did not identify the "records" to which he referred.

92 M.S.P.R. 476, ¶ 18 n.2; *Banks*, 4 M.S.P.R. at 271. In any event, even assuming the appellant had timely made this allegation, a different outcome would not be warranted. To this end, the May 24, 2019 letter indicates that the appellant's attorney, through the above statement, was disclosing EEO retaliation. IAF, Tab 5 at 23; *see Hessami*, 979 F.3d at 1369 n.5 (stating that the Board need not consider an appellant's allegations "in a vacuum"). Indeed, this portion of the letter asserted that the appellant had been "selectively discriminated and retaliated against for filing a lawful . . . Reasonable Accommodation Request." IAF, Tab 5 at 23. The letter also stated as follows: "[the appellant] has made numerous oral reasonable accommodation requests, and as a result, has been retaliated against by your management team." *Id.* The letter subsequently referenced the appellant's supervisor's certification of "Ref (E)" and, among other things, sought for the appellant both "protection from further retaliation" and "protection from [his supervisor]." *Id.* at 23-24. Accordingly, this disclosure falls outside of the Board's IRA jurisdiction. *See McCray*, 2023 MSPB 10, ¶ 22 (concluding that the Board's IRA jurisdiction does not extend to claims of reprisal for complaining of practices made unlawful by the Rehabilitation Act); *see also Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 44 (explaining that requesting a reasonable accommodation is protected under the Rehabilitation Act).

<u>We find that the appellant made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).</u>

The appellant reasserts that he made a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(D) by alleging that he refused to comply with his supervisor's order that he sign his 2019 performance goal document. PFR File, Tab 1 at 16-20; IAF, Tab 4 at 28, 50-51. The appellant argues that his supervisor asked him to sign this document, i.e., to certify that he had met with her to discuss his performance standards; however, because he and his supervisor had not actually met, he refused to do so. PFR File, Tab 1 at 16-17. He avers

that signing the form as directed would have caused him to falsify a Government record.[13] *Id.* at 16-18.

The relevant statutory provision, 5 U.S.C. § 2302(b)(9)(D), protects employees from retaliation for "refusing to obey an order that would require the individual to violate a law, rule, or regulation." Although the appellant does not identify the law, rule, or regulation that he would have violated had he falsely certified this document, we find that he was not required to do so because the false certification of a document clearly implicates the statute. *See DiGiorgio v. Department of the Navy*, 84 M.S.P.R. 6, ¶ 14 (1999). Accordingly, we find that the appellant made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).[14] We also find that the appellant has satisfied the contributing factor and personnel action jurisdictional criteria with respect to this alleged protected activity. To this end, the appellant seemingly asserted that, as a result of this activity, his supervisor did not provide him with his 2019 performance evaluation or an "incentive pay" decision. IAF, Tab 4 at 29. Both (1) the failure to provide a performance evaluation and (2) a decision concerning pay/a monetary award constitute a "personnel action" under the statute. *See* 5 U.S.C. § 2302(a)(2)(A)(viii), (ix). The appellant also asserted that, as a result of this activity, his supervisor "finally signed" a letter denying his request for a reasonable accommodation, i.e., telework. IAF, Tab 4 at 28-29. In this regard, the appellant appears to be alleging that his 5 U.S.C. § 2302(b)(9)(D) activity contributed to a significant change in his working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(xii). We make no finding that the denial of a reasonable

---

[13] The document indicates that the appellant was asked to sign/certify the following statement: "I certify my Supervisor has met with me to establish and discuss performance standards and [expectations]." IAF, Tab 4 at 50-51.

[14] In the initial decision, the administrative judge found that the appellant had not made a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(D) because, among other reasons, he did not specifically allege that "he communicated his refusal to sign the document" to his supervisor. ID at 19-20. We disagree with this finding, which conflates the appellant's protected activity with the contributing factor jurisdictional criterion.

accommodation constitutes a personnel action under the statute; however, we find that, at the jurisdictional stage, the appellant's allegations are sufficient and that the parties may develop this issue on remand. *See Reid v. Merit Systems Protection Board*, 508 F.3d 674, 679 (Fed. Cir. 2007) (declining to consider an allegation of a denial of reasonable accommodation for a disability as a "personnel action").

Accordingly, we find that the appellant made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D) that contributed to both (1) the agency's failure to provide him with a 2019 performance review and (2) the agency's failure to provide him with incentive pay.[15] Thus, we find that he is entitled to his requested hearing and a decision of these claims. IAF, Tab 1 at 2; *see Salerno*, 123 M.S.P.R. 230, ¶ 5. Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of this appeal. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

---

[15] We also find that the appellant proved by preponderant evidence that he exhausted all of these claims with OSC. IAF, Tab 1 at 15, Tab 4 at 28; *see Chambers*, 2022 MSPB 8, ¶ 11.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[16]

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

---

[16] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.