# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA R. NICHOLSON,
                    Appellant,

           v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
DC-1221-14-0765-W-1

DATE: February 27, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lisa R. Nicholson</u>, Manassas, Virginia, pro se.

<u>Elizabeth Young</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      Effective May 4, 2014, the appellant was reassigned from her position as Director of Human Resources to a Management Analyst position with the agency's U.S. Mint, Workforce Solutions Department, Human Resources Division. Initial Appeal File (IAF), Tab 1 at 9. The appellant filed an appeal with the Board alleging that her reassignment was in reprisal for her protected whistleblowing activity. *Id*. at 4, 6. With her appeal, the appellant submitted copies of two letters from the Office of Special Counsel (OSC) dated April 3, 2014, informing her of her right to seek corrective action from the Board regarding complaints she had filed with OSC in which she alleged that her supervisor had threatened to lower her performance appraisal and obstructed her right to compete for a Deputy Associate Director (AD) position in reprisal for whistleblowing. *Id*. at 16-18. These claims relate to the appellant's allegations that in June 2013, her former supervisor requested that she sign a Standard Form (SF) 52 authorizing a retroactive promotion for another employee, which she refused to do, and instead asserted that the action was in violation of federal regulations. *See id*. at 11-13. The appellant alleges that during this conversation in June 2013, her former supervisor threatened to lower her performance rating and that subsequently in December 2013, also refused to consider her for a Deputy AD position in reprisal.[2] IAF, Tab 1 at 12, Tab 1, subtab k.

---

[2] According to the appellant, she had a conversation with her former supervisor on December 6, 2013, in which she advised her that she wished to be considered for the Deputy AD position and that she believed there was a personnel provision that allowed for an employee who had been away for the duration of the announcement period to receive consideration, provided a referral list had not been issued. IAF, Tab 1, subtab k. The appellant alleges that her former supervisor told her that she would look into the provision, but did not, and instead intentionally declined to consider her for the position in reprisal. *Id.*

¶3      The appellant's appeal, however, did not contain any information demonstrating that she had raised her reassignment claim before OSC. IAF, Tab 1. Consequently, the administrative judge issued an order on jurisdiction and proof requirements informing the appellant that to establish Board jurisdiction over her IRA appeal she had to demonstrate, among other things, that she exhausted her whistleblowing claims before OSC and ordering her to submit proof of her exhaustion within 10 days. IAF, Tab 3. The appellant did not respond to the administrative judge's order. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to demonstrate that she exhausted her administrative remedies before OSC concerning her reassignment. IAF, Tab 9. The administrative judge did not address the appellant's other whistleblower reprisal claims filed with OSC, but not specifically identified on her Board appeal form.

¶4      The appellant has filed a petition for review in which she acknowledges that the Board does not have jurisdiction over her reassignment claim, but argues that the Board does have jurisdiction over her other whistleblower reprisal claims raised before OSC, that her supervisor threatened to lower her performance appraisal and obstructed her right to compete for a Deputy AD position. Petition for Review (PFR) File, Tab 1 at 6. The appellant also alleges that the administrative judge made a material factual error in basing her decision on an affidavit submitted by the agency which contained false statements.[3] *Id.* at 4-5.

[3] The appellant contests various statements in her former supervisor's affidavit that relate to the decision to reassign the appellant. PFR File, Tab 1 at 7-16. The administrative judge, however, dismissed the appellant's IRA appeal for lack of jurisdiction without reaching the merits of the appellant's reassignment. IAF, Tab 9. Thus, we find the appellant's arguments, that the administrative judge improperly relied on the affidavit, unavailing and not relevant to the issue currently before the Board— whether the Board has jurisdiction over this appeal.

The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Mason*, 116 M.S.P.R. 135, ¶ 8. An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id.* In addition, the Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id.*

¶6    If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that she made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim. *Id.*

¶7 In the instant case, the administrative judge properly found that the appellant failed to prove that she exhausted her administrative remedies before OSC with respect to her May 4, 2014 reassignment. IAF, Tab 9 at 3. Although the evidence submitted by the appellant demonstrates that she filed a complaint with OSC in which she alleged whistleblower reprisal, there is no evidence of record that the appellant alleged before OSC that she was reassigned in reprisal for protected whistleblowing activity. Thus, the administrative judge properly dismissed this claim for lack of jurisdiction because the appellant failed to show that she raised before OSC the same issues claimed in her appeal. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 21 (2007) (the Board may consider only those charges of whistleblowing that the appellant raised before OSC); *see also Schmittling v. Department of the Army*, 92 M.S.P.R. 572, ¶ 26 (2002) (an appellant has not exhausted her remedy when she has not raised before OSC the personnel action that she is appealing to the Board).

¶8 On review, the appellant contends that the Board has jurisdiction over her claims previously raised before OSC, namely, that her supervisor threatened to lower her performance appraisal and obstructed her right to compete for a Deputy AD position in reprisal for her refusal to sign off on a retroactive promotion. PFR File, Tab 1 at 6-7. The appellant also contends for the first time on review that her supervisors have withheld her performance rating in reprisal.[4] *Id.* at 6-7. The Board will consider the appellant's additional claims of whistleblower reprisal.

¶9 In her initial decision, the administrative judge limited the appellant's personnel action claim to the May 4, 2014 reassignment action listed on the appellant's initial appeal form and did not address the claims set forth in OSC's April 3, 2014 letters attached to the appeal that her supervisor threatened to lower

---

[4] The Board lacks jurisdiction over this claim because the appellant has provided no evidence indicating that she raised it before OSC. *See Johnson*, 104 M.S.P.R. 624, ¶ 21.

her performance appraisal and obstructed her right to compete for a Deputy AD position.[5]  IAF, Tab 1 at 4, 6, 16-18, Tab 9.  However, we do not view the appellant's appeal as limited strictly to the May 4, 2014 reassignment, to the exclusion of the additional retaliation allegations raised in the attachments to her appeal.  The Board has held that the issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding.  *E.g.*, *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 9 (2000); *see* 5 C.F.R. § 1201.115(e) (notwithstanding the express criteria for granting a petition for review, the Board reserves the authority to consider any issue in an appeal before it).  Moreover, the Board may consider evidence submitted for the first time on review if it implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision.  *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013).  Thus, we find it appropriate to consider the appellant's additional claims of whistleblower reprisal which she clarified on review because they implicate the Board's jurisdiction and warrant an outcome different from that in the initial decision.[6]

---

[5] Based on the record below, we find the appellant properly exhausted before OSC her claims that her supervisor threatened to lower her performance appraisal and obstructed her right to compete for a Deputy AD position in reprisal for her refusal to sign off on a retroactive promotion.  IAF, Tab 1 at 16-18.

[6] In making this finding, we fully realize the administrative judge's frustration in trying to grapple with determining which personnel actions were at issue in this case.  For instance, the appellant did not clearly identify these two other personnel actions on the appeal form itself.  In addition, the appellant's identification of the two other personnel actions were concealed within a lengthy 118-page appeal file.  Next, the appellant's failure to respond to the extensive show cause order setting forth the jurisdictional issues hampered the administrative judge's efforts at pinpointing which alleged personnel actions were taken by the agency.  Finally, the administrative judge clearly identified the reassignment as the personnel action the appellant was asking the Board to stay in a related stay action and the appellant did not take the opportunity to alert the administrative judge to the other two matters at that time.  *See Nicholson v. Department of the Treasury*, MSPB Docket No. DC-1221-14-0765-S-1, Stay Decision (June 16, 2014).

As set forth below, we find that the appellant has succeeded in establishing jurisdiction over her IRA appeal.

The appellant made a nonfrivolous allegation of a protected disclosure.

¶10      Regarding the appellant's alleged statement to her former supervisor that she would not sign the SF-52 to authorize a retroactive promotion because it would violate federal regulations, we note that disclosure of a potential violation may be protected where it evidences a reasonable belief of wrongdoing as set forth in 5 U.S.C. § 2302(b)(8). *See Reid v. Merit Systems Protection Board*, 508 F.3d 674, 677-78 (Fed. Cir. 2007) (a reasonable belief of an imminent violation of a law, rule, or regulation is sufficient to confer jurisdiction under the Whistleblower Protection Act); *see also Ward v. Department of the Army*, 67 M.S.P.R. 482, 488-89 (1995) (disclosure of possible conflict of interest violation was a protected disclosure where it evidenced a reasonable belief of wrongdoing and potential wrongdoing that was real and immediate). Any doubt or ambiguity as to whether an appellant has made a nonfrivolous allegation of a reasonable belief of wrongdoing should be resolved in favor of a finding that jurisdiction exists. *Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008). In light of that principle, we find that the appellant nonfrivolously alleged that her disclosure was protected under 5 U.S.C. § 2302(b)(8).

The appellant made a nonfrivolous allegation that her protected disclosure was a contributing factor in the alleged personnel actions.

¶11      Once an appellant has made a nonfrivolous allegation that she made a protected disclosure, she also must make a nonfrivolous allegation that the disclosure was a contributing factor in the covered personnel action. *Schoenig*, 120 M.S.P.R. 318, ¶ 13. An employee may demonstrate that a disclosure was a contributing factor in the covered personnel action through circumstantial evidence, such as the acting officials' knowledge of the disclosure and the timing of the personnel action. *Id.* Thus, an appellant's submission of evidence that the

official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action, i.e., evidence sufficient to meet the knowledge-timing test, satisfies the contributing factor standard. *Id.*

¶12   As an initial matter, we find that an alleged threat to lower the appellant's performance appraisal and refusal to consider the appellant for the Deputy AD position constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 13-17 (2010) (the appellant sufficiently alleged that he was subjected to a personnel action where he alleged that the agency failed to consider him for positions by taking actions to insure that he was unaware of and could not apply for the positions); *see also Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 19 (2008) (decisions concerning performance evaluations are personnel actions); *Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶ 9 (2000) (under 5 U.S.C. § 2302(b)(8), an agency may not threaten to take a personnel action in reprisal for whistleblowing).

¶13   In addition, we find the appellant made nonfrivolous allegations, utilizing the knowledge-timing test, that her June 2013 protected disclosure was a contributing factor in these alleged personnel actions where the threat to lower her performance appraisal occurred immediately following her disclosure and the alleged refusal to consider her for the Deputy AD position in December 2013. *See Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 13 (2006) (a gap of less than 6 months between a disclosure and a personnel action is "sufficiently proximate" to satisfy the timing prong of the knowledge-timing test), *superseded on other grounds by statute*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, *as stated in Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 6 (2014).

¶14     Because the appellant has exhausted her remedy with OSC and has also nonfrivolously alleged that she made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action, she has established jurisdiction over her IRA appeal. Accordingly, we remand the case to the regional office for adjudication on the merits of the appeal.[7]

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:              _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.

---

[7] The appellant's disclosure likely was made within the normal course of her duties. Disclosures made in the course of one's duties are protected only if the employee also proves that the agency took the personnel action with an improper retaliatory motive. *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 15 (2014), citing S. Rep. No. 112-155, 5-6. On remand, the administrative judge should determine whether this additional evidentiary burden is applicable because the appellant made the disclosures during the normal course of her duties.