# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SCOTT CHAPLIN,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-20-0198-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: August 7, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Scott Chaplin</u>, Hooksett, New Hampshire, pro se.

<u>M. Creston Rice</u>, Esquire, Bedford, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding that the appellant did not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

nonfrivolously allege a protected disclosure regarding the Acting Physical Security Officer (PSO) position, FIND that the appellant nonfrivolously alleged that his disclosure regarding the Acting PSO position was a contributing factor in personnel actions and thus established Board jurisdiction over that claim, AFFIRM the remainder of the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is employed by the agency as a Police Lieutenant, GS-08, at its Medical Center in Manchester, New Hampshire. Initial Appeal File (IAF), Tab 1 at 1. The following facts recited here are as the appellant asserted them below and are neither proven nor disproven by the record. Since September 2019, the appellant had been performing the duties of the Acting Deputy Chief of Police. *Id.* at 4. It is undisputed that the agency was seeking to permanently fill the Deputy Chief position, and the appellant sought a formal promotion to that position. *Id.*; IAF, Tab 8 at 4. However, according to the appellant, the Chief of Police attempted to convince him to agree to a temporary promotion to the Acting PSO position, rather than pursue the permanent Deputy Chief position.[2] IAF, Tab 1 at 4. Based on the appellant's recitation of a conversation between him and the Chief of Police, the appellant informed the Chief of Police that he would not be able to carry out the duties of his position while also taking on the duties of the Acting PSO position. *Id.* The Chief of Police responded to the appellant, claiming that, although the agency would temporarily promote him to the Acting PSO position, another employee would perform the actual duties of the position. *Id.* The appellant expressed his concern to the Chief of Police that it would be unethical and illegal to temporarily promote him to a position but to have

---

[2] The appellant's claims below do not appear to contain an allegation that this attempt to convince him to agree to a temporary promotion amounted to an order that he accept the Acting PSO position. IAF, Tabs 1, 6.

someone else perform the actual duties of the position while the appellant was the one getting paid for the position. *Id.* Ultimately, it appears that the appellant never accepted the temporary promotion to the Acting PSO position. *Id.* at 4-9.

Regarding the selection for the Deputy Chief position, the appellant seemingly grew concerned that the Chief of Police had preselected his personal friend for the position before the formal hiring process had fully unfolded. *Id.* at 4-6. Due to the appellant's suspicions regarding the merits of the agency's selection process in this regard, he told the Chief of Police that, in order to protect himself, he should remove himself from the selection process. *Id.* at 6. According to the appellant, the Chief of Police did not do so. *Id.* It is undisputed that, on or around January 10, 2020, the Chief of Police informed the appellant that he was not selected for the Deputy Chief position. *Id.* at 6; IAF, Tab 8 at 5.

Shortly thereafter, the appellant filed a complaint with the Office of Special Counsel (OSC), wherein he asserted that the Chief of Police engaged in several improper selection practices in the hiring process for the Deputy Chief position, and that he did not select the appellant for that position in reprisal for the appellant's expression of concerns to the Chief of Police regarding his alleged unethical conduct related to the Acting PSO position and the Deputy Chief selection process. IAF, Tab 6 at 16-44. On March 10, 2020, OSC issued the appellant a letter informing him that it was terminating its inquiry into his allegations and that he may seek corrective action from the Board. IAF, Tab 4 at 4.

Thereafter, the appellant filed the instant appeal with the Board, arguing that the agency did not select him for the Deputy Chief position and interfered with his ability to perform his duties in reprisal for his open communication, including expressing to the Chief of Police his concerns regarding the Chief's actions surrounding his encouragement that the appellant take the Acting PSO position and selection of a personal friend for the Deputy Chief position. IAF, Tab 1 at 4-9. Recognizing that the appellant was filing an IRA appeal based on

whistleblower reprisal, the administrative judge issued an order informing the appellant of what he must show and allege in order to establish jurisdiction over his appeal. IAF, Tab 2 at 2-4. The appellant responded by submitting OSC's close-out letter regarding his OSC complaint. IAF, Tab 4.

In a subsequent order to show cause, the administrative judge informed the appellant that, based on his pleadings thus far, he had yet to make a nonfrivolous allegation of Board jurisdiction, and he again ordered the appellant to file a pleading nonfrivolously alleging Board jurisdiction over his claims. IAF, Tab 5 at 2, 4. The appellant responded to the order, explaining why he believed the Chief of Police's actions constituted a potential violation of law, rule, or regulation, gross mismanagement, and an abuse of authority. IAF, Tab 6 at 4. He reiterated that he was not selected for the Deputy Chief position and that the agency interfered with his ability to perform his duties in reprisal for his disclosures to the Chief of Police, and he asserted that the actions referenced all occurred between October 10, 2019, and January 17, 2020. *Id.* at 4, 11. Additionally, he submitted his OSC complaint. *Id.* at 16-44. His claims do not appear to contain any other allegations that, prior to January 17, 2020—the date around which he filed his OSC complaint—he filed any sort of appeal, complaint, or grievance, or participated in any other activity protected under 5 U.S.C. § 2302(b)(9).

The administrative judge issued an initial decision without holding a hearing,[3] and dismissed the appellant's appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). He found that, although the appellant exhausted his administrative remedy with OSC, ID at 6, he failed to nonfrivolously allege that the agency did not select him for the Deputy Chief position in reprisal for making a protected disclosure, and also failed to identify any protected activity which took place before the alleged acts of retaliation, ID at 7-10. These findings appear to include indirect findings that the appellant failed to nonfrivolously

---

[3] The appellant did not request a hearing. IAF, Tab 1 at 2.

allege that he made a protected disclosure or engaged in protected activity that was a contributing factor to his nonselection. *Id.*

The appellant has filed a petition for review, wherein he argues that the administrative judge miscategorized the content and substance of his alleged disclosures, and that the content and substance of the disclosures alleged a violation of law, rule, or regulation, and an abuse of authority. Petition for Review (PFR) File, Tab 1 at 4-7. He also appears to allege, for the first time, that the Chief of Police's insistence and encouragement that he take the Acting PSO position amounted to an order to accept the position, that such an order violated a law, rule, or regulation, and that he refused to obey that order. *Id.* at 5-7. He claims that this conduct amounted to protected activity under 5 U.S.C. § 2302(b)(9)(D). *Id.* at 5-7. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal under the Whistleblower Protection Enhancement Act if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

<u>It is undisputed that the appellant exhausted his administrative remedy with OSC regarding his protected disclosures under 5 U.S.C. § 2302(b)(8).</u>

As an initial matter, the record demonstrates, and neither party disputes, that the appellant exhausted with OSC his claim that the agency did not select him for the Deputy Chief position and interfered with his ability to perform his duties in reprisal for his alleged disclosures to the Chief of Police regarding what

the appellant believed was illegal or unethical behavior by the Chief in the hiring process for the Deputy Chief. IAF, Tab 4 at 4, Tab 6 at 24-30. As such, we agree with the administrative judge's conclusion that the Board may consider these claims.[4] ID at 6; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (stating that the Board may consider only matters that the appellant first raised and exhausted before OSC). Therefore, the issue currently before the Board is whether the appellant nonfrivolously alleged that his disclosures were protected under 5 U.S.C. § 2302(b)(8), and that his protected disclosures were a contributing factor to the agency's decisions not to select the appellant for the Deputy Chief position and to interfere with his ability to perform his duties.[5] *See Salerno*, 123 M.S.P.R. 230, ¶ 5. As explained below, we find that the appellant has nonfrivolously alleged that he made a protected disclosure that was a contributing factor to the personnel actions at issue, and that he has, therefore, established the Board's jurisdiction over his claims.

The appellant nonfrivolously alleged that he made a protected disclosure.

A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule,

---

[4] We address the appellant's argument, raised for the first time on review, that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D) separately below.

[5] A nonselection for appointment is a personnel action under the whistleblower protection statutes. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 10 (2011); *see* 5 U.S.C. § 2302(a)(2)(A)(i). We also construe the appellant's claim that the agency interfered with his ability to perform his duties as a claim that the appellant suffered a significant change in duties, responsibilities, or working conditions so as to constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii).

regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

As previously discussed, the appellant alleged below that he told the Chief of Police that, by encouraging him to accept an appointment to a position for which he would not be performing the duties but would still be paid, he acted unethically, could be violating a law, rule, or regulation if the Chief's preferred outcome resulted, and abused his authority. IAF, Tab 1 at 4-5. In the initial decision, the administrative judge reasoned that this disclosure "does not sufficiently disclose 'a violation of law, rule, or regulation' to make it protected" within the meaning of the whistleblower statutes because it was a "one time" statement made when declining a job offer. ID at 8. As noted above, the appellant also alleged below that he told the Chief of Police that he should recuse himself from the selection process for the Deputy Chief position so that the selection process appeared more impartial. IAF, Tab 1 at 6. He asserted that this was a disclosure of gross mismanagement. IAF, Tab 6 at 4. In the initial decision, the administrative judge concluded that the appellant's concerns constituted, at most, "nothing more than a disagreement over who should participate in the selection process for the Deputy Chief position[,]" and that, because his "disagreement over the composition of the hiring committee did not involve a disclosure of a potential violation of a law, rule[,] or regulation it does not meet the definition of a protected disclosure." ID at 9 (citing *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015)).

On review, the appellant argues that the administrative judge did not properly construe the full contents of his alleged disclosures. PFR File, Tab 1 at 4-6. For example, he argues that the administrative judge failed to consider that his alleged disclosure regarding the Acting PSO position included not only the assertion that it would be unethical to accept the promotion to the Acting PSO position, but also that such a scenario would require someone else to perform the duties of the Acting PSO position while the appellant was paid for it. *Id.* at 5-6.

He also challenges the administrative judge's conclusion that this alleged disclosure was not protected, and he continues to assert that the disclosure alleged at least one of the categories of wrongdoing set forth in section 2302(b)(8). *Id.* at 4-6. As explained below, we find that the appellant nonfrivolously alleged that this disclosure was protected under section 2302(b)(8).

To make a protected disclosure of a violation of a law, rule, or regulation, an employee ordinarily must identify a specific law, rule, or regulation that was violated; however, our reviewing court has stated that an appellant need not allege a violation of law with precise specificity "when the statements and circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation." *Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001). Although the appellant has not referenced a specific law, rule, or regulation at issue here, it is nonetheless axiomatic that a Federal employee may not be paid for the performance of duties that he did not actually perform, and we find that a reasonable person in the appellant's position could conclude that such actions would evidence a violation of a law, rule, or regulation. *See Salerno*, 123 M.S.P.R. 230, ¶ 6.

In this case, however, the appellant did not disclose that the agency ultimately placed him in a position for which he would be paid without performing the duties, thus leaving another agency employee to perform the duties without being paid, because that did not actually occur here; rather, the appellant appears to allege that the agency's future placement of him in the Acting PSO position would have violated a law, rule, or regulation. IAF, Tab 1 at 4. Our reviewing court has held that an employee's reasonable belief that a violation of law, rule, or regulation is imminent is sufficient to confer jurisdiction on the Board. *See Reid v. Merit Systems Protection Board*, 508 F.3d 674, 677 (Fed. Cir. 2007); *see also Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 9 (2010) (citing *Reid* in support of the proposition that the whistleblower protection statutes should be broadly construed). Although it is not yet clear

whether the appellant reasonably believed such actions were imminent, the Board has stated that any doubt or ambiguity as to whether the appellant made a nonfrivolous jurisdictional allegation should be resolved in favor of finding jurisdiction. *See Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011). Accordingly, we find that the appellant nonfrivolously alleged that he disclosed a violation of law, rule, or regulation in this regard. *See id.*

We similarly find that the appellant's alleged disclosure regarding the Acting PSO position meets the nonfrivolous allegation standard for an allegation of an abuse of authority.[6] An employee discloses an abuse of authority when he alleges that a Federal official has arbitrarily or capriciously exercised power which has adversely affected the rights of any person or has resulted in personal gain or advantage to himself or to preferred other persons. *Webb*, 122 M.S.P.R. 248, ¶ 19 n.3. Here, the appellant has alleged that he effectively disclosed that the Chief of Police used his authority as a high-ranking agency official to attempt to convince the appellant to accept the Acting PSO position so that he would not pursue the Deputy Chief position, thus facilitating the Chief of Police's selection of a personal friend, rather than the appellant, for that position. Because the Chief of Police's alleged actions would result in a personal gain, namely, the ability to select his personal friend rather than the appellant for the Deputy Chief position, we find that the appellant nonfrivolously alleged that he disclosed an abuse of authority.[7] *Id.*

---

[6] Upon remand, should the appellant fail to prove by preponderant evidence that he disclosed what he reasonably believed was an imminent violation of law, rule, or regulation, he may also, based on our finding here, aim to prove by preponderant evidence that he disclosed what he reasonably believed was an abuse of authority.

[7] Regarding the appellant's alleged disclosure concerning the purported inappropriateness of the Chief of Police's participation in the selection process, the appellant essentially challenges on review the administrative judge's finding that this disclosure evidenced a mere policy disagreement. PFR File, Tab 1 at 6-7. He argues that the contents of his allegation amounted to an allegation of a preselection, and that a preselection "is a prohibited practice," and should, therefore, be covered under section

Based on the foregoing, we find that the appellant nonfrivolously alleged a violation of a law, rule, or regulation, and an abuse of authority under section 2302(b)(8) when he disclosed to the Chief of Police that he was improperly attempting to convince him to take the Acting PSO promotion.[8]

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9).</u>

As discussed above, the appellant claimed below that all of the actions alleged occurred between October 27, 2019, and January 17, 2020.  IAF, Tab 6 at 4.  In the initial decision, the administrative judge observed that the appellant "never identified any complaints, appeals[,] or grievances" that he filed before January 17, 2020.[9]  ID at 10.  Indeed, we have reviewed the record and, as briefly

_____

2302(b)(8).  *Id.*  The appellant's alleged disclosure, however, was not of preselection or even of a suspicion of a preselection.  IAF, Tab 1 at 6.  Rather, the appellant has only alleged that he "told [the Chief] a couple of times that[,] to protect ourselves[,] we needed to have a panel/board for [the Deputy Chief position] and that [he] should remove himself from the process."  *Id.*  As stated above, the administrative judge concluded that this allegation did not meet the definition of a protected disclosure, and we agree.  ID at 9.  As the administrative judge correctly noted, "having the head of a particular department or office serve as either the selecting official or a member of a hiring committee for a position within that department or office is not unusual and certainly does not violate any law, rule or regulation."  *Id.*  The appellant's alleged disclosure did not extend beyond a suggestion that the Chief of Police remove himself from the panel; he has not alleged that he told the Chief that any of his actions or imminent actions violated a law, rule, or regulation, or amounted to any other sort of wrongdoing as contemplated by section 2302(b)(8).  IAF, Tab 1 at 6.  Accordingly, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation of a protected disclosure in this regard.

[8] The fact that the alleged disclosures of wrongdoing were made to the alleged wrongdoer does not exclude them from coverage under section 2302(b)(8).  *See Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 18 (2013).

[9] The administrative judge's reliance on the January 17, 2020 date appears to be most relevant to the principle that an alleged protected disclosure or protected activity that occurs after an alleged personnel action could not have been a contributing factor to that action.  *See Mason*, 116 M.S.P.R. 135, ¶ 27.  Thus, in considering whether the appellant nonfrivolously alleged that he engaged in protected activity, the administrative judge appears to have considered only whether the appellant alleged that he engaged in protected activity before the nonselection occurred.  ID at 9-10.

noted above, have not located any claim that the appellant participated in these activities prior to January 17, 2020. The administrative judge further stated that, "before that date [the appellant] appears not to have cooperated in any investigations or disclosed any information to the Office of the Inspector or the OSC, and there is no indication he refused to follow an illegal order." *Id.* As such, he found that the "lack of information concerning the appellant's purported protected activities means [that] he has not made nonfrivolous allegations of fact sufficient to establish jurisdiction over this claim." *Id.*

On review, the appellant only challenges the administrative judge's statement that "there is no mention of any illegal order given to [the appellant] by management which he refused to obey." PFR File, Tab 1 at 5; ID at 5. Thus, we construe this challenge as an allegation, made for the first time on review, that he engaged in protected activity under section 2302(b)(9)(D) when he refused to obey an order that would require him to violate a law, rule, or regulation. *See* 5 U.S.C. § 2302(b)(9)(D). Although the appellant did not specifically allege below that the he refused to obey an illegal order, and the Board will generally not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), we will consider the appellant's new argument on this jurisdictional issue because jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during Board proceedings*, see Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

In consideration of this claim, we first note that it appears that the appellant has exhausted it with OSC. IAF, Tab 6 at 26. Nonetheless, we have been unable to locate any actual <u>order</u> identified by the appellant that he refused to obey. PFR File, Tab 1 at 4-5; IAF, Tabs 1, 6. To the contrary, his allegations regarding the Chief of Police's efforts to convince him to take the promotion to the Acting PSO position do not suggest that those efforts constituted an order.

For example, the appellant stated in his initial appeal that the Chief of Police explained to him that he and other agency administrative officials "were trying to throw [him] a bone to offer [him] the [Acting] PSO position since [he] never received compensation for the Acting [Deputy Chief] position" he was currently filling. IAF, Tab 1 at 4. The appellant has not alleged any set of facts that, if true, demonstrate that the Chief of Police ordered him to accept the Acting PSO position; rather, his allegations evidence a vague insinuation supported only by his own beliefs that he was ordered to take the promotion to that position. Accordingly, we find that, as a matter of law, the appellant has failed to nonfrivolously allege that he refused to obey an order that would require him to violate a law, rule, or regulation. As such, we find that he failed to nonfrivolously allege that he engaged in protected activity under section 2302(b)(9)(D). We further agree with the administrative judge that the appellant otherwise failed to nonfrivolously allege that he engaged in any other protected activity.

<u>The appellant nonfrivolously alleged that his protected disclosure was a contributing factor in the alleged personnel actions.</u>

Because the appellant nonfrivolously alleged that his disclosure was protected under 5 U.S.C. § 2302(b)(8), he must next nonfrivolously allege that it was a contributing factor in the personnel actions at issue. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. To satisfy the contributing factor criterion at the jurisdictional stage, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Id.*, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action

occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

The appellant has alleged that the Chief of Police was the agency official responsible for his nonselection and for interfering with his ability to perform his duties. IAF, Tab 1 at 6-7, 9. Because the appellant alleged that he made his disclosure directly to the Chief of Police, we find that he has nonfrivolously alleged that the agency official responsible for the personnel actions—the Chief of Police—had actual knowledge of the disclosure, thereby satisfying the knowledge prong of the knowledge/timing test.

Regarding the timing prong, the appellant has alleged that his nonselection occurred on or around January 10, 2020, and that the Chief of Police began to interfere with his ability to perform his duties on or around February 18, 2020. *Id.* at 6, 9. Although the appellant has not alleged the specific dates on which he made his disclosure, he appears to assert that all of the relevant actions occurred between October 27, 2019, and January 17, 2020. IAF, Tab 6 at 4. A reasonable interpretation of the appellant's recitation of the chronology of events allows us to conclude that he is alleging that he made his disclosure before the agency took the alleged personnel actions against him. *Id.* Thus, it appears that the appellant is alleging that the agency did not select him for the Deputy Chief position and interfered with his ability to perform his duties within, at most, 3-4 months of his disclosure. The Board has stated that a personnel action that occurs within 1 to 2 years of the protected disclosure satisfies the timing portion of the knowledge/ timing test. *Salerno*, 123 M.S.P.R. 230, ¶ 14; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). As such, we find that the appellant has met the timing prong of the knowledge/timing test. In conjunction with our conclusion above regarding the knowledge prong, we, therefore, find that the appellant nonfrivolously alleged that his protected disclosure was a contributing factor in his nonselection and the agency's interference with his ability to

perform his duties. *See Salerno*, 123 M.S.P.R. 230, ¶ 13. Accordingly, we find that he has established Board jurisdiction over his claims.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.[10]


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[10] Having established Board jurisdiction over his IRA appeal, the appellant must now prove his claims by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5. If the appellant proves by preponderant evidence that his protected disclosure was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5. Upon remand, the administrative judge should provide the parties with an opportunity to address whether discovery is needed to adjudicate this appeal on the merits. Additionally, we reiterate that the appellant did not request a hearing in this matter. IAF, Tab 1 at 2.