## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMANDA DAVIS,
                 Appellant,

       v.

DEPARTMENT OF THE ARMY,
                 Agency.

DOCKET NUMBER
DE-1221-19-0234-W-3

DATE: October 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice Jackson, Leavenworth, Kansas, for the appellant.

Kristine Hale Bell, Fort Leavenworth, Kansas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action on the merits after a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The administrative judge found that the appellant did not meet her burden of proof in this individual right of action appeal for two distinct reasons. First, he found that the appellant did not prove that she made a protected disclosure. *Davis v. Department of the Army*, MSPB Docket No. DE1221-19-0234-W-3, Refiled Appeal File, Tab 13, Initial Decision (ID) at 5-10. Second, he found that the appellant did not prove that her alleged disclosures were a contributing factor in the contested personnel actions, i.e., her removal from the workplace, placement on administrative leave, and probationary termination. ID at 10-12.

¶3 On petition for review, the appellant argues the merits of her termination during her probationary period. *E.g.*, *Davis v. Department of the Army*, MSPB Docket No. DE-1221-19-0234-W-3, Petition for Review (PFR) File, Tab 1 at 7, 12-15. We find no reason to disturb the administrative judge's decision in this regard.

¶4 The appellant also contends that the administrative judge erroneously determined that her first alleged disclosure concerned a policy dispute and thus was not protected. *Id.* at 8-10. In *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 12 (2015), the Board found that, because the statements that

were alleged to be protected disclosures in that appeal occurred in the context of a discussion over a proposed policy, they were merely debatable, and a disinterested observer with knowledge of the essential facts known to and readily ascertainable to the appellant could not reasonably conclude that they evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). In this appeal, the administrative judge found that the appellant's statements similarly occurred in the context of a discussion over a proposed policy; the appellant disclosed that a potential change in the inmate assessment tool, which never occurred, would have violated the agency's standard operating procedures. ID at 6-8. The Board has previously determined that section 2302(b)(8) is satisfied by the disclosure of potential violations "where they evidence a reasonable belief of wrongdoing" and "the potential wrongdoing [is] real and immediate." *Ward v. Department of the Army*, 67 M.S.P.R. 482, 488–89 (1995). The U.S. Court of Appeals for the Federal Circuit looked favorably on this analysis, but in doing so, made clear that it did not intend to convey that the "mere . . . discussion of an action that someone might consider to be a violation of a law, rule, or regulation is a justification for a whistleblower complaint." *Reid v. Merit Systems Protection Board*, 508 F.3d 674, 678 (Fed. Cir. 2007). Consistent with the Board's analysis in *Reid*, the court observed that only "[w]hen such discussion proceeds to an instruction to violate the law," will the disclosure of a potential violation be protected, reasoning that "a holding that an instruction to carry out an act can never qualify under the WPA if the act never occurred is too bright a line." *Id*. But the appellant does not allege that she was instructed to carry out any change in the risk assessment of inmates. Thus, her alleged disclosure is not a protected disclosure under this analysis.

¶5      Concerning her second alleged disclosure, the appellant maintains, contrary to the administrative judge's finding, that there was no court order or other document authorizing the release of the inmate's medical information to the prosecutor. PFR File, Tab 1 at 17-18. We find that the administrative judge

correctly weighed the evidence in this regard, properly making credibility findings. We disagree with the appellant's arguments to the contrary.

¶6        Next, the appellant presents some arguments about the contributing factor criterion. *Id.* at 18-19. The administrative judge found that the appellant did not meet the contributing factor requirement because she did not prove that the officials responsible for the challenged personnel actions had knowledge of her alleged disclosures. ID at 10-12. This is not, however, the only way to establish the contributing factor criterion. *See, e.g.*, *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012) (describing other things to consider for purposes of resolving whether the contributing factor criterion is met). Nevertheless, the administrative judge's conclusion that the appellant failed to prove that she made any protected disclosure is dispositive, so we need not consider the contributing factor criterion any further.

¶7        More broadly, the appellant asserts that the administrative judge ignored evidence in support of her claims and exhibited bias in favor of the agency. *E.g.*, PFR File, Tab 1 at 4-5, 10, 18. An administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). We also find that the appellant's allegations of bias are unavailing. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (recognizing the presumption of honesty and integrity that accompanies administrative adjudicators).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.